JOSEPH SMITH ET AL. *v.* EDWARD GAYNOR ET AL.

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE NO. 271184S
FAIRFIELD

Memorandum filed February 15, 1991

*K. J. Bartlett,* for the plaintiffs.

*Bai, Pollack & Dunnigan,* for the named defendant.

*Ryan, Ryan, Johnson, Clear & DeLuca,* for the defendant Norwalk Hospital.

NIGRO, J. The second count of the revised complaint alleges that the defendant Norwalk Hospital failed to obtain the named plaintiff's informed consent to a surgical procedure performed by the named defendant while the plaintiff was a patient at the hospital. The defendant hospital has moved to strike this count on the basis that, under Connecticut law, the duty to obtain the plaintiff's informed consent rests solely upon the patient's attending physician.

The Supreme Court in *Petriello* v. *Kalman,* 215 Conn. 377, 382, 576 A.2d 474 (1990) stated: "We agree that the hospital had no duty to the plaintiff regarding informed consent to the surgical procedure performed . . . ." Although a defendant's adherence to a standard of care is a factual question, the existence of a duty is a legal issue. Id., 382–83.

The facts in *Petriello* were as follows. The plaintiff was sixteen weeks pregnant when the defendant, Kalman, ascertained that the fetus had died. The defendant said that he would perform an abortion later the same day, but failed to obtain the plaintiff's consent until after a nurse had administered preoperative medication to her. The defendant obtained the plaintiff's signature on the hospital consent form only after she had received an injection of demerol, phenergan and atropine prescribed by an anesthesiologist. Dur-

ing the operation, the defendant perforated the plaintiff's uterus, which necessitated a bowel resection. The plaintiff sued the hospital in negligence. The hospital moved for a directed verdict on the ground that there was no evidence of negligence and further that it had no duty either to obtain the plaintiff's informed consent or to ensure that the defendant physician had done so.

Regarding the hospital's duty, the *Petriello* court found that: "[S]ince . . . there was no evidence of any involvement by a physician employed by the hospital prior to the start of the surgical procedure and since the plaintiff does not claim it was the duty of the nurse actually to obtain the plaintiff's informed consent prior to administering the preoperative medication, the duty to obtain such consent, prior to beginning the surgical procedure, rested wholly upon Kalman, the plaintiff's attending physician." Id., 384–85.

The court stated further that the contention that a hospital has a duty to assure a patient signs the consent form "is unsound, however, because it equates the signing of the form with the actuality of informed consent, which it is the sole responsibility of the attending physician to obtain. . . . Significantly, we have never held that informed consent must be obtained at any specific time, so long as it is obtained prior to the commencement of the medical treatment under consideration. Further, we have never held that such consent must be given by the patient in writing or that a hospital, whose facilities are utilized by independent physicians, as a kind of surety, must guarantee that informed consent is obtained prior to the commencement of any surgical procedure." Id., 385.

Although the nurse violated hospital policy by administering medication before consent was obtained, the court noted that such violations are only evidence of

negligence and "[do] not establish the applicable duty of the hospital to its patients, since 'hospital rules, regulations and policies do not themselves establish the standard of care.' " Id., 386. The court further stated that the hospital's rule requiring written consent "serve[d] as a directive to any employee physician" as well as "a measure for reminding independent physicians of their duty." Id.

Moreover, the court in *Van Steensburg* v. *Lawrence & Memorial Hospitals,* 194 Conn. 500, 506, 481 A.2d 750 (1984), pointed out "that hospital rules, regulations and policies do not themselves establish the standard of care."

The *Petriello* decision was released on June 19, 1990, and seems to be the present rule. Although the Appellate Court had held a hospital liable on informed consent grounds in *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 522 A.2d 829 (1987), that case differs factually from the present one. The plaintiff in *Shenefield* alleged, inter alia, that the defendant physician had performed a bilateral vasectomy, without the plaintiff's knowledge or consent. The procedure was beyond the scope of the actual consent obtained. Id., 241–42. In upholding the plaintiff's verdict, the Appellate Court recognized that informed consent was only one of several theories presented. An additional theory was that the defendant physician failed to obtain consent while "acting as an agent of the defendant hospital." Id., 247–48.

In *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 465 A.2d 294 (1983), the Supreme Court reviewed a judgment for the defendant physicians and a directed verdict for the defendant hospital. The plaintiff had sought damages for medical malpractice, alleging that her physician, in addressing her upcoming kidney

biopsy, failed to discuss the possibility of a more risky alternative procedure. Regarding the claim against the hospital, the court stated: "No testimony was presented to indicate that reasonably prudent hospital practice imposed any duty upon this defendant to supervise the physicians who participated in the operation in any of the respects claimed." Id., 304. Referring to this statement from *Logan,* the *Petriello* court said "[i]mplicitly we rejected the claim that a hospital has a duty with respect to obtaining a patient's informed consent for a surgical procedure to be performed by a nonemployee physician." *Petriello* v. *Kalman,* supra, 384.

Although the court in *Mather* v. *Griffin Hospital,* 207 Conn. 125, 136, 540 A.2d 666 (1988), held that a hospital may be liable under the theory of respondeat superior, that case is not relevant since it was concerned with the issue of the negligence of a hospital employee in the delivery room and not with the issue of informed consent.

There is nothing in *Petriello* that indicates the holding is limited to the specific facts of the case. That the *Petriello* court was concerned with a directed verdict, not a motion to strike, is of little consequence, since a ground for the directed verdict was the lack of duty to obtain informed consent. The basic issue there, as here, was whether a hospital has a duty to obtain informed consent.

In view of both the *Shenefield* and *Petriello* decisions, a hospital would not be liable for failure to obtain informed consent unless the attending physician were an employee or agent of the hospital.

Although the plaintiff, in his objection to the motion, claims that the count can be sustained on a theory of contract, that just does not appear from the manner in which the count is pleaded.

The motion to strike the second count of the revised complaint is granted.