[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
On October 28, 1996, the plaintiff, Terri M. Kelsey McRoberts, filed an eight count complaint against the defendants, Howard G. Mortman, Joshua S. Jaffe, Sharon Obstetrics Gynecological Associates, P.C., and Sharon Hospital. The plaintiff's action sounds in medical malpractice and lack of informed consent.
On February 5, 1997, the defendant, Sharon Hospital, filed a motion to strike the eighth count of the plaintiff's complaint on the grounds that the plaintiff failed to allege the hospital owed a duty to her. Pursuant to Practice Book § 155, Sharon Hospital filed a memorandum of law in support of its motion to strike. On September 2, 1997, the plaintiff filed an objection to Sharon Hospital's motion to strike along with a memorandum of law in support of their objection.
"The purpose of a motion to strike is to contest . . . the CT Page 10036 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987).
In support of their motion to strike, the defendant, Sharon Hospital, argues that it owed no duty to obtain the plaintiff's informed consent to surgery. Also, the defendant argues that the plaintiff failed to allege that the hospital may be liable for failure to obtain informed consent on the basis of an agency relationship between the other defendants and Sharon Hospital.
The plaintiff argues that the court should not grant the motion to strike because the defendant is asking the court to construe the facts in the plaintiff's complaint most favorably to the defendant. Also, the plaintiff claims that the defendant is requesting the court to assume facts not present in the plaintiff's complaint. Namely, that the defendants, Howard Mortman and Joshua Jaffe, are not agents of the hospital. The plaintiff argues that this allegation does not appear in the plaintiff's complaint and is not a concession that the plaintiff is prepared to make.
"Implicitly we rejected the claim that a hospital has a duty with respect to obtaining a patient's informed consent for a surgical procedure to be performed by a nonemployee physician."Petriello v. Kalman, 215 Conn. 377, 384, 576 A.2d 474 (1990). "[A] hospital would not be liable for failure to obtain informed consent unless the attending physician were an employee or agent of the hospital." Smith v. Gaynor, 41 Conn. Sup. 540, 544, 591 A.2d 834
(1991). CT Page 10037
In determining whether Sharon Hospital owed a duty to the plaintiff, it must be decided whether either of the defendants, Mortman or Jaffe, was an employee or agent of the hospital. While count eight of the plaintiff's complaint does not explicitly allege that Mortman or Jaffe were employees/agents of the hospital, the facts alleged in the complaint must be construed most favorably to the plaintiff. The plaintiff alleges in the eighth count that "[s]aid injuries were caused by the failure of the defendant, Sharon Hospital, and its servants, agents and/or employees to obtain the plaintiff's informed consent. . ." The plaintiff has sufficiently alleged that on the basis of an employee or agency relationship the hospital may be liable for failure to obtain informed consent. Accordingly, the defendant's, Sharon Hospital's, motion to strike is denied.
HON. WALTER M. PICKETT, JR., J.State Judge Referee