[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Tricia McCord, brought this action against the defendants', Dr. Fikry Salib, Stamford Anesthesiology Services, P.C. and the Stamford Hospital, in a complaint sounding in negligence, medical malpractice and lack of implied consent. The CT Page 2473 plaintiff attempts to recover damages for injuries allegedly received when the defendant anesthesiologist unsuccessfully administered epidural anesthesia.
The defendant, Stamford Hospital, filed a motion to strike the fifth count of the revised complaint. The defendant moves to strike the fifth count of the revised complaint on the ground that the plaintiff "fails to state a claim upon which relief may be granted." More specifically, the moving defendant argues that "[c]ount five presumes a duty on the part of the Hospital to obtain a private patient's informed consent. . . . however, . . . no such duty exists on the part of the Hospital."
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief can be granted. SeePeter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers. Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOCGroup. Inc., 224 Conn. 210, 215. 618 A.2d 25 (1992).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); Central NewHaven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (1993). Practice Book; § 10-39 (a)(2) (formerly ¶ 152). The defendant, Stamford Hospital, filed a motion to strike the fifth count of the plaintiffs revised complaint on the ground that the Hospital did not have a duty to obtain a private patient's informed consent, and as such, the "claim is legally insufficient and fails to state a claim upon which relief may be granted."
The Connecticut Supreme Court has held that a hospital does CT Page 2474 not have a duty to obtain informed consent from a private patient unless the physician is an employee or agent of the hospital. SeePetriello v. Kalman, 215 Conn. 377, 576 A.2d 474 (1990); Logan v.Greenwich Hospital Association, 191 Conn. 282, 465 A.2d 294
(1983); Smith v. Gaynor, 41 Conn. Sup. 540, 544, 591 A.2d 834
(1991); Doe v. Stamford Hospital, Superior Court, judicial district Stamford-Norwalk at Stamford, Docket No. 160804 (Apr. 8, 1998, D'Andrea, J.).
"Implicitly we rejected the claim that a hospital has a duty with respect to obtaining a patient's informed consent for a surgical procedure to be performed by a nonemployee physician."Petriello v. Kalman, supra, 215 Conn. 384. "Further, we have never held that such consent must be given by the patient in writing or that a hospital, whose facilities are utilized by independent physicians, as a kind of surety, must guarantee that informed consent is obtained prior to the commencement of any surgical procedure." Id., 385.
In the present case, in count five of the revised complaint, the plaintiff claims a lack of informed consent against the defendant, Stamford Hospital. However, nowhere in this count does the plaintiff allege that the defendant, Dr. Salib, the attending physician, was an employee or agent of the hospital. As such, the claim for lack of informed consent is legally insufficient and the defendant's motion to strike the fifth count is hereby granted.
The moving defendant's motion to strike the fifth count is granted.
The plaintiff's objection to the defendant's motion to strike the fifth count is overruled.
D'ANDREA, J.