[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #113
The defendants St. Mary's Hospital (hereinafter "Hospital") and Dr Zarif move to strike Counts Three Four and Five of the revised complaint dated June 28, 1999. The instant action is a claim of medical malpractice brought against the Hospital and Doctors Hamzi and Zarif. The First Count directed at Dr. Hamzi, alleges negligence and a failure to obtain informed consent; the Second Count and Third Count are both against Doctor Zarif a surgical resident, alleging negligence and a failure to obtain informed consent respectively; the Fourth and Fifth Counts are both against the Hospital, alleging negligence in count four and failure to obtain informed consent on behalf of its agents in both counts. The defendants attack Counts Three and Four and Five of the revised complaint claiming the Hospital had no obligation to obtain informed consent and that Doctor Zarif was not the attending surgeon and therefore he had no obligation to obtain informed consent. The defendants claim is that these counts are legally insufficient and should be stricken.
The function of the Motion to Strike is to test the legal sufficiency of the complaint. Ferryman v. Groton 212 Conn. 138. (1989). In ruling on a Motion to Strike, the court is limited to the facts contained in the complaint and must construe them in a light most favorable to the plaintiff Novametrix Medical Systems,CT Page 15329Inc. v. The BOC Group, Inc. 224 Conn. 210 (1992).
The defendants, Zarif and the Hospital argue that the fifth count is insufficient because "[a] hospital has no duty to obtain a patient's informed consent to a surgical procedure from a patient under Connecticut law." (Emphasis omitted.) (Defendants' memorandum, p. 3.) The hospital through its agents are required to obtain informed consent prior t surgery. See Shenefield v.Greenwich Hospital Assn., 10 Conn. App. 239, 242, 522 A.2d 829
(1987); see also Petriello v. Kalman, 215 Conn. 377, 384-85,576 A.2d 474 (1990); Smith v. Gaynor, 41 Conn. Sup. 540, 544,591 A.2d 834 (1991). The plaintiff has alleged that Hamzi and Zarif jointly performed the plaintiff's surgery and has alleged that they both were employees or agents of St. Mary's at the time of the surgery. (Revised complaint, ¶¶ 3; 6-9.) In Petiello v.Kalman, supra, 215 Conn. 384-85, the Supreme Court held that a hospital had no duty to obtain the plaintiffs informed consent from a nonemployee physician. In this case the plaintiff alleges that both physicians were employees or agents of the Hospital, and this court in considering this motion must consider these allegations as true
The defendants Zariff and the Hospital claim that the third count and paragraph 10(e) of the fourth count both alleging a failure to obtain informed consent are legally insufficient in that they fail to allege that he was an agent of the Hospital and even if agency were alleged that the plaintiff has pleaded "no facts . . . which suggest that Zarif was the attending surgeon", i.e., took part in the surgical removal of plaintiff's thyroid. (Defendant's memorandum, p. 5.) The plaintiff has alleged that Hamzi and Zarif were either employees or agents of St. Mary's and that they performed the surgery jointly. (Revised complaint, ¶¶ 3; 6-9.)
The facts alleged in the third and fourth counts of the complaint, when construed in a manner most favorable to the plaintiff are legally sufficient to sustain a cause of action against Zarif as an attending surgeon and against St. Mary's under a theory of respondeat superior.
The defendants Motion to Strike is denied.
PELLEGRINO, (J). CT Page 15330