[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum of decision addresses motions filed in each of the above captioned cases.
In Cole v. Angeluzzi, X05CV010185027S ("later action"), defendant Norwalk Hospital Association. filed a Motion for Summary Judgment and defendants Angeluzzi and Norwalk Anesthesiology, P.C. filed a Motion to Strike.
In Cole v. Angeluzzi, X05CV9901754285 ("original action"), defendant Norwalk Hospital Association filed a Motion for Partial Summary Judgment and defendants Angeluzzi and Norwalk Anesthesiology, P.C. filed a Motion for Summary Judgment.
 BACKGROUND
On July 15, 1998, Sadie Kinder Cole underwent an elective tubal ligation at Norwalk Hospital. Dr. Szeto was the surgeon and Dr. Angeluzzi was the anesthesiologist. Plaintiff Herman Cole, as conservator of the estate of his wife, Sadie Kinder Cole, filed the original malpractice action-with a return date of December 7, 1999 against the defendants, Jay Angeluzzi, M.D. and Norwalk Anesthesiology, P.C.; Marjorie Szeto, M.D. and The Avery Center for Obstetrics and Gynecology, P.C.; and the Norwalk Hospital Association. The plaintiff alleges that Sadie Kinder Cole suffered irreversible brain damage during the procedure.
In compliance with court ordered revisions, the plaintiff filed a revised complaint in the original action on June 5, 2000. The revised complaint contained twelve counts: medical malpractice, battery, informed consent, and loss of consortium against all defendants. On July 13, 2001, the plaintiff filed a Request for Leave to Amend and Amended Complaint, adding claims based on defendant Angeluzzi's psychiatric history and alleged controlled substance abuse. The defendants filed objections to Plaintiff's Request for Leave to Amend. On August 20, 2001, Plaintiff's Request for Leave to Amend was granted.
Plaintiff, Herman Cole, as conservator of the estate of his wife, Sadie Kinder Cole, instituted a later medical malpractice action with a return date of July 31, 2001, against the same defendants. The complaint was identical to the amended complaint dated July 13, 2001 filed in the original action. CT Page 8082
The plaintiff has recently filed amended complaints in each action, removing the July 13, 2001 amendments from the original action and removing claims initially brought in the original action from the later action. The original action now has twelve counts: medical malpractice, informed consent, battery and loss of consortium against all defendants. The later action now has six counts: informed consent against defendants Angeluzzi and Norwalk Anesthesiology, P.C., and Norwalk Hospital Association; negligent hiring and supervision and loss of consortium against Norwalk Anesthesiology, P.C.; and negligent granting of privileges and supervision and loss of consortium against the Norwalk Hospital Association.
 THE LATER ACTION
In the later action, defendant Norwalk Hospital Association filed a Motion for Summary Judgment on all counts directed to it on the basis of the statute of limitations and the prior pending action doctrine, and as to the informed consent and battery counts on the additional basis that it did not owe a duty to the plaintiff.[1]
The claims remaining in the later action after the recently filed amended complaint directed to defendant Norwalk Hospital Association for which summary judgment is sought are negligent granting of privileges and supervision, loss of consortium and informed consent.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Bruttomesso v. N.E. Conn. Sexual AssaultCrisis Serv., 242 Conn. 1, 5 (1997).
General Statutes § 52-584, the applicable statute of limitations, provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon . . . [or] hospital . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ."
Norwalk Hospital Association's position is that Sadie Kinder Cole's injury was complete on July 15, 1998, the date of her surgery. As such, the statute of limitations began to run on that date and expired on July 15, 2000. Defendant argues that the plaintiff obtained sufficient CT Page 8083 information regarding these claims prior to July 15, 2000, during the depositions of defendant Angeluzzi taken on February 7, 2000 and March 27, 2000, to have brought these claims within the two year limitations period. Defendant argues that because the plaintiff could have, but failed to, bring these additional claims prior to July 15, 2000, two years from the date of the surgery, the three-year statute of limitations is inapplicable. Thus, Norwalk Hospital Association maintains that the plaintiff's claims are time barred and that it is therefore entitled to summary judgment on all counts directed to it.
The plaintiff contends that all of the claims stem from information obtained in the course of discovery in the original action; specifically, the plaintiff claims that he discovered information relating to defendant Angeluzzi's psychiatric history and alleged controlled substance abuse, and the hiring and supervision practices of his professional corporation and the Norwalk Hospital Association. The plaintiff contends that the claims are not time barred because they were brought within two years of discovery of the information and not more than three years from the date of the underlying negligence.
The court agrees with the plaintiff. "The statute requires that the injured party bring suit within two years of discovering the injury . . . In this context an injury occurs when a party suffers some form of actionable harm." (Citation omitted.) Burns v. Hartford Hospital,192 Conn. 451, 460 (1984). "Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action." Lambert v. Stovell,205 Conn. 1, 6 (1987). "A breach of duty and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . They are therefore necessary ingredients for actionable harm." (Citations omitted; internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 44 (1986)
In the present case, the plaintiff did not have an "injury" as contemplated by the statute until he discovered, or in the exercise of reasonable care should have discovered, a causal relationship between defendant Angeluzzi's alleged impairment issues and defendant Hospital Association's alleged negligent hiring and supervision practices and Sadie Cole's care and treatment on July 15, 1998. Only when this information was obtained during discovery did the plaintiff sustain "actionable harm." The plaintiff brought these claims within two years from the "actionable harm" and in any event, within three years of the surgery and brain injury. The claims, therefore, are not time barred. Accordingly, Norwalk Hospital Association's Motion for Summary Judgment on the basis of the statute of limitations is denied. CT Page 8084
Norwalk Hospital Association seeks summary judgment on the claim for informed consent on the additional basis that it has no duty to the plaintiff because it is a physician's responsibility to obtain informed consent.
In this case, however, allegations that defendants Angeluzzi and Norwalk Anesthesiology were agents of the hospital are incorporated in the informed consent count. "In view of both the Shenefield andPetriello decisions, a hospital would not be liable for failure to obtain informed consent unless the attending physician were an employee or agent of the hospital." Smith v. Gaynor, 41 Conn. Sup. 540, 544 (1991). The court is not persuaded by the defendant's argument that the plaintiff cannot bring a direct claim against the hospital. The court finds that plaintiff's direct claim containing allegations of agency is proper.Shenefield v. Greenwich Hospital Assn., 10 Conn. App. 239 (1987).
Norwalk Hospital Association's Motion for Summary Judgment on the informed consent count is denied.
Defendants Angeluzzi and Norwalk Anesthesiology, P.C. filed a Motion to Strike all counts directed to them on the basis of the statute of limitations. The claims remaining in the later action directed to defendant Norwalk Anesthesiology, P.C. to which the motion to strike is directed are negligent hiring and supervision, loss of consortium and informed consent. The counts for loss of consortium and informed consent are also directed to defendant Angeluzzi.
"The purpose of a motion to strike is to challenge the legal sufficiency of a pleading." Szczapa v. United Parcel Svc., Inc.,56 Conn. App. 325, 328 (2000). "The role of the trial court [is] to examine the complaints, construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33 (1997). Courts will allow the use of a motion to strike to raise the defense of the statute of limitations when the parties agree that all the facts pertinent to the issue of whether the action is time barred are set forth in the complaint. Forbes v. Ballaro,31 Conn. App. 235, 239 (1993)
For the reasons stated above, the court finds that the plaintiff's claims of negligent hiring and supervision, loss of consortium and informed consent are not time barred.
The defendants also ask the court to consider their position as set forth in their Memorandum of Law in Support of the Motion for Summary CT Page 8085 Judgment filed in the original action. With regard to the informed consent claim, the defendants argue that the claim is legally insufficient because Sadie Kinder Cole signed a written consent for the anesthesia services rendered. "In Logan v. Greenwich Hospital Assn., supra, 292, we held that informed consent involves four specific factors: (1) the nature of the procedure; (2) the risks and hazards of the procedure; (3) the alternatives to the procedure; and (4) the anticipated benefits of the procedure." Alswanger v. Smego, 257 Conn. 58,67-68 (2001). The existence of a signed consent form does not attack the legal sufficiency of the pleadings:
The court finds that the plaintiff has pleaded a legally sufficient cause of action for an informed consent claim.
Defendants Angeluzzi and Norwalk Anesthesiology's Motion to Strike is denied.
 THE ORIGINAL ACTION
In the original action, defendant Norwalk Hospital Association filed a Motion for Partial Summary Judgment as to the July 13, 2001 amendments on the basis that they are barred by the statute of limitations and as to the informed consent and battery counts on the basis that it owes no duty to the plaintiff.
The claims remaining in the original action directed to defendant Norwalk Hospital Association for which summary judgment is sought are informed consent and battery. For the reasons stated above, the court finds that the allegations of agency incorporated in those counts create an issue of material fact regarding the defendant's duty to the plaintiff.
Additionally, defendant Norwalk Hospital Association argues that because Sadie Kinder Cole can no longer communicate and because Mr. Cole was not present for the entire preoperative conversation between Dr. Angeluzzi and Mrs. Cole, the plaintiff will not be able to prove a lack of informed consent. Defendant argues that Mrs. Cole signed a consent form, so therefore, the defendant is entitled to summary judgment.
"Favoring a lay standard, we require a physician to provide the patient with the information which a reasonable patient would have found material for making a decision whether to embark upon a contemplated course of therapy." (Internal quotation marks omitted.) Godwin v. Danbury EvePhysicians Surgeons, 254 Conn. 131, 143 (2000). The existence of a signed consent form does not eliminate the issue of material fact as to whether the consent was indeed informed. The court finds that the CT Page 8086 deposition excerpts submitted by both plaintiff and defendant demonstrate an issue of material fact regarding whether Mr. Cole was present for the entire informed consent discussion between Dr. Angeluzzi and Mrs. Cole and the sufficiency of the consent obtained.
A patient can recover for battery when "the physician (1) fails to obtain any consent to the particular treatment, (2) performs a different procedure from the one for which consent has been given, or (3) realizes that the patient does not understand what the procedure entails." Godwinv. Danbury Eve Physicians Surgeons, supra, 254 Conn. 137. Here, the submitted deposition excerpts demonstrate that there is a genuine issue of material fact as to what Dr. Angeluzzi disclosed and what Mrs. Cole understood about the procedure.
For the foregoing reasons, defendant Norwalk Hospital Association's Motion for Partial Summary Judgment as to informed consent and battery is denied.
Defendants Angeluzzi and Norwalk Anesthesiology, P.C., also filed a Motion for Summary Judgment as to the July 13, 2001 amendments on the basis of the statute of limitations, and as to the battery and loss of consortium counts based on Mrs. Cole having signed a written consent form for anesthesia services prior to surgery.[2] The claims remaining in the original action directed to defendants Angeluzzi and Norwalk Anesthesiology, P.C. to which the motion for summary judgment is directed are informed consent, battery and loss of consortium.
As stated above, the existence of a signed consent form does not eliminate the issue of material fact as to whether the consent was indeed informed. For the reasons discussed above, defendants Angeluzzi and Norwalk Anesthesiology's Motion for Summary Judgment as to the informed consent and battery counts is denied.
Defendants Angeluzzi and Norwalk Anesthesiology sought summary judgment on the loss of consortium claim because it is derivative in nature and was based on the allegations in the battery count. Because the court has denied the motion for summary judgment on the battery count, the motion for summary judgment on the loss of consortium count is also denied.
Consistent with this opinion, the operative complaints in both actions remain as follows: in the original action, the June 3, 2002 Amended and Substituted Complaint containing twelve counts: medical malpractice, informed consent, battery and loss of consortium against all defendants; in the later action, the May 21, 2002 Amended and Substituted Complaint containing six counts: informed consent against defendants Angeluzzi and Norwalk Anesthesiology, P.C., and Norwalk Hospital Association; negligent CT Page 8087 hiring and supervision and loss of consortium against Norwalk Anesthesiology, P.C.; and negligent granting of privileges and supervision and loss of consortium against the Norwalk Hospital Association.
SO ORDERED.
 ___________________ CHASE T. ROGERS SUPERIOR COURT JUDGE